18-3483
*United States v. Zia*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
> DENNIS JACOBS,
> SUSAN L. CARNEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                  No. 18-3483

UMMAR UPPAL, AKA AMER UPPAL,

> *Defendant,*

AZHAR ZIA,

> *Defendant-Appellant.*

———————————————————————————

FOR APPELLEE:                                   VIRGINIA NGUYEN, Special Assistant
                                                United States Attorney (Susan Corkery,
                                                Assistant United States Attorney, *on the*

*brief) for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

FOR DEFENDANT-APPELLANT: DAVID J. WILLIAMS, Jarvis, McArthur & Williams, Burlington, VT.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 6, 2018, is **AFFIRMED**.

Azhar Zia appeals from a judgment of the District Court entered after Zia pled guilty pursuant to a plea agreement (the "Agreement") to one count of conspiracy to conceal and harbor aliens for financial gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(v)(i) and 1324(a)(1)(B)(i). The Presentence Investigation Report, to which Zia interposed no objection at sentencing, recounted that from 2000 to 2013, Zia owned and operated two 7-Eleven stores on Long Island, employing 15 to 25 illegal alien workers and utilizing misappropriated identities to conceal their presence. During that time, Zia illegally retained part of his employees' wages, including by paying less than minimum wage and not paying for overtime work at the required rates.

The District Court sentenced Zia to time served to be followed by three years of supervised release. In addition, in the Agreement, Zia undertook to pay $518,566.85 in restitution to the victims of his crime. As part of Zia's sentence, the District Court ordered the agreed-to restitution. On appeal, Zia now contests this part of the judgment. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

Zia makes two challenges to the restitution order. First, he invokes Federal Rule of Criminal Procedure 11 and argues that his plea was not knowing and intelligent as to

2

restitution because the District Court did not correct the Agreement's "erroneous and misleading" restitution provision and erred by failing to do so.[1] Appellant's Br. at 9. Zia asserts that, as written, the Agreement incorrectly implied that restitution was mandated by law. Second, Zia argues that in imposing restitution of over $500,000, the District Court erred by failing (he asserts) to consider his ability to pay. *See* 18 U.S.C. § 3663(a)(1)(B)(i)(II). We review for plain error because Zia did not raise either issue before the District Court.

To obtain a reversal or vacatur on plain error review, the court of appeals must be convinced of the following:

> First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the district court proceedings. Fourth and finally, if the above three prongs are satisfied, the court of appeals has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks, brackets, emphasis, and citations omitted). On plain error review of alleged Rule 11 violations, the defendant must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Youngs*, 687 F.3d 56, 59 (2d Cir. 2012) (internal quotation marks and citations omitted).

1. *Rule 11 Argument*

Rule 11 requires that, before accepting a guilty plea, the court "inform the defendant of, and determine that the defendant understands," the consequences of the plea, including "the court's authority to order restitution." Fed. R. Crim. P. 11(b)(1). Rule 11 is "designed to

---

[1] Consistent with the parties' briefing, this order refers to the District Court as conducting the change-of-plea hearing. Pursuant to an order of the District Court, a magistrate judge (Tomlinson, *M.J.*) presided over that hearing.

ensure that a defendant's plea of guilty is a voluntary and intelligent choice among the alternative courses of action open to the defendant." *United States v. Showerman*, 68 F.3d 1524, 1527 (2d Cir. 1995) (citation omitted).

The Agreement includes the following provision, and labels it as one of several "statutory penalties": "Restitution: the parties agree that restitution, in an amount of $518,566.85, should be ordered by the Court to pay the back wages of the employees described in the Indictment (18 U.S.C. §§ 3663 and 3663A)." J.A. at 41. Zia does not dispute that Section 3663, the Victim and Witness Protection Act of 1982 (VWPA), empowered the District Court to order restitution pursuant to the parties' agreement. *See* 18 U.S.C. § 3663(a)(3) ("The court may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement.").

At the change-of-plea hearing, the District Court asked Zia if he understood that he had agreed to pay restitution:

> Q [The Court]. And with respect to restitution, your agreement states that you and the government agree that restitution in an amount of $518,566.85 should be ordered by the court to pay the back wages of the employees who are described in the indictment. Do you understand that?
>
> A [Zia]. Yes, Your Honor.

J.A. at 62. The District Court's language tracks the text of the Agreement, omitting only its legal citations.

Zia argues on appeal that the Agreement misled him in that it wrongly implied that restitution was mandated by law, without regard to his agreement. It did so, he says, in two ways: (a) by labelling the restitution as one of several applicable "statutory penalties," J.A. at 40, and (b) by citing 18 U.S.C. § 3663A, the Mandatory Victims Restitution Act of 1996 (MVRA), which (Zia argues) does not apply here. Zia asserts that the District Court violated Rule 11 by failing to clarify at his change-of-plea hearing that the restitution was not applicable in the absence of his agreement.

The Agreement was not sufficiently misleading as to require further clarification by the District Court. The Agreement's characterization of the restitution and other elements of

its list as "statutory penalties," while perhaps vaguely implying that restitution was required by law, is not sufficient to negate the plain meaning of the restitution provision itself, which left little doubt that a voluntary agreement formed the basis of the restitution order. It stated: "*[T]he parties agree that restitution*, in an amount of $518,566.85, *should be ordered by the Court* to pay the back wages of the employees described in the Indictment." J.A. at 41 (emphasis added).

The provision's tandem citation to the MVRA, 18 U.S.C. § 3663A, even in combination with the above, does not make the Agreement misleading enough to require further commentary by the District Court. We need not decide whether section 3663A authorizes restitution here, since section 3663(a)(3) (also cited in the Agreement) unambiguously does so. We decide only that the Agreement's reference to Section 3663A did not impose any further obligation on the District Court. Both the District Court, speaking at the change-of-plea hearing, and the Agreement's text left no reasonable doubt that the parties' agreement—one authorized by law—formed the basis of the restitution order. On plain error review, then, we cannot say that the District Court erred, much less that the purported error was "clear or obvious, rather than subject to reasonable dispute." *Puckett*, 556 U.S. at 135.

Furthermore, to prevail on plain error review, Zia must show that, but for the purported error, he would not have entered his plea. *Youngs*, 687 F.3d at 59. We have explained that, "[w]here a defendant, before sentencing, learns of information erroneously omitted in violation of Rule 11 but fails to attempt to withdraw his plea based on that violation, there can be no reasonable probability that, but for the Rule 11 violation, he would not have entered the plea." *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (internal brackets omitted). At Zia's sentencing hearing, his lawyer stated that Zia knew that the restitution was not required by statute. J.A. at 86-87 ("I just wanted to mention that we agreed upon a restitution order, when the statute doesn't require restitution."). The PSR, which Zia's lawyer stated Zia did not object to, also detailed that Zia agreed to pay restitution to the victims even though no statute required it. Zia failed to object to those statements before or at sentencing and therefore left no reasonable probability that, had any

5

persistent misapprehension been corrected, he would not have entered the plea.[2] On plain error review, therefore, we decide that the District Court did not violate Rule 11 with respect to the restitution order.

Finally, Zia's reliance on our 1995 decision in *United State v. Showerman* is misplaced. In that case, the district court imposed restitution but failed to mention restitution at all during the change-of-plea hearing, violating Rule 11's requirement that the district court alert the defendant to its authority to order restitution. *Showerman*, 68 F.3d at 1528. We reversed the restitution order in consequence of the district court's failure. Here, in contrast, the District Court explained to Zia the District Court's authority to order restitution in compliance with Rule 11. The Agreement itself referenced Zia's agreement as a predicate for the restitution mandate. To the extent that the Agreement might be seen as misleading (and we are not sure it reasonably can be seen as such), *Showerman* is inapposite.

### 2. *Ability to Pay*

The VWPA requires that, before a District Court may order restitution, it "consider . . . the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i)(II). These factors concern, generally, ability to pay. Zia argues that the District Court failed adequately to consider his ability to pay restitution.

The government responds that the MVRA, which does not require the district court to consider a defendant's financial circumstances, *see* 18 U.S.C. § 3663A(a), also authorizes restitution in this case. But again, we need not reach this issue because, even assuming the District Court was obligated to consider Zia's financial circumstances, Zia fails to demonstrate plain error.

---

[2] Soon after sentencing, Zia objected in a pro se letter to the District Court that "there is no provision in the united states codes [sic] allowing the imposition of voluntary restitution." J.A. at 92. His mistaken assertion does not affect this analysis. The VWPA, 18 U.S.C. § 3663, empowered the District Court to order restitution in this case and in this counselled appeal he does not argue otherwise.

In *United States v. Soto*, we construed Section 3663 to "require an affirmative act or statement allowing an inference that the district court in fact considered the defendant's ability to pay" and cautioned that it is "not enough" for a district court "to have before it a PSR which includes information that would be relevant to the consideration." 47 F.3d 546, 551 (2d Cir. 1995). "Specific findings as to each factor are not required," however. *United States v. Mizrachi*, 48 F.3d 651, 657 (2d Cir. 1995).

On this record, we may reasonably infer that the District Court considered Zia's ability to pay restitution despite the absence of any recorded discussion on that topic during sentencing because the District Court tailored the payment schedule during supervised release to account for Zia's expected financial circumstances, which the PSR reviewed and which Zia discussed at sentencing. J.A. at 39 (Restitution is "payable at the rate of 10% of monthly gross income while on supervision."); *see United States v. Allen*, 201 F.3d 163, 168 (2d Cir. 2000) (per curiam) ("[Section] 3663 requires courts to consider the financial resources and earning ability of the defendant in fashioning a restitution order . . . [and the judge] satisfied this requirement by creating a monthly payment schedule that accounted for [the defendant's] low earning potential both during her incarceration and upon her release."). We cannot say that any error in this regard is "clear or obvious" or that, in light of Zia's agreement to pay the restitution that was ordered, the purported error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett*, 556 U.S. at 135 (internal alterations and citation omitted). Therefore, on plain error review, we reject Zia's claim that the District Court failed to consider his ability to pay the restitution imposed.

\* \* \*

We have considered all of Zia's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7